[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after a jury trial, of robbery first degree, in violation of General Statutes § 53a-134(a)(2), and assault first degree, in violation of General Statutes § 53a-59(a)(1), for which judgment the petitioner received a total, effective sentence of fifteen years incarceration. This judgment was affirmed on direct appeal, State v. Williams, 27 Conn. App. 654 (1992).
The petitioner claims his confinement is unlawful because his trial attorneys rendered ineffective assistance. The court finds the following facts. The petitioner was initially represented at his criminal trial by then assistant public defender, Attorney CT Page 11302 Arnaldo E. Granados. After the six regular jurors were selected, Granados recognized that he had once represented Robert Payton, the individual whom the petitioner had, within the preceding two weeks, disclosed to Granados might be the real culprit in the robbery. Upon realization of this conflict, Granados informed the petitioner that he was unable to continue representing the petitioner in that case.
At the habeas hearing, the petitioner testified that he opposed proceeding with new counsel and voiced this opposition to Granados and Attorney David Abbamonte, who was appointed as a special public defender to replace Granados. The petitioner stated that he desired to have his trial postponed and a new jury selected so that Abbamonte would be starting from scratch with ample time to prepare. Granados also testified at the habeas hearing and stated that the possibility of requesting a mistrial or lengthy postponement was the subject of specific discussion among the petitioner, Granados, and Abbamonte. Granados noted that it was the petitioner who insisted on proceeding with his trial "then and there,"despite Granados' advice to seek a mistrial instead. Abbamonte also testified at the habeas hearing that he only agreed to replace Granados at this stage in the trial process because the petitioner expressly agreed to have Abbamonte take over the case and continue with the trial. Both Granados and Abbamonte testified that the petitioner never objected, on the record or privately, to continuing his criminal trial with substitute counsel. It should be noted that Abbamonte requested and was granted a one week continuance by the trial court before the taking of evidence.
Credibility is for the trier-of-fact to determine. The court finds that the testimony of Granados and Abbamonte is credible and accurately reflects the events surrounding the transition of counsel which occurred in the petitioner's criminal case. Their testimony was bolstered by the fact that the petitioner had filed a speedy trial motion indicating his desire for an expeditious disposition of his case. Also, the petitioner voiced no objection or concern regarding Abbamonte's assumption of the petitioner's representation nor as to his new counsel's ability to familiarize himself with the petitioner's cause. These facts are consistent with the testimony of Granados and Abbamonte describing the petitioner's desire to forego any requests for a mistrial or a lengthy continuance and to forge ahead with trial using the regular jurors chosen during Granados' tenure. The court finds the petitioner's contrary testimony on this topic unworthy of belief. CT Page 11303
In his amended petition, paragraphs 11 through 13, the petitioner specifically avers that Granados and Abbamonte rendered ineffective assistance at his criminal trial by failing to request a mistrial or lengthy continuance. The burden of proof in a habeas corpus matter is on the petitioner to establish his allegations by a preponderance of the evidence, Johnson v. Zerbst, 304 U.S. 458, 469 (1938), Johnsonv. Commissioner, 218 Conn. 403, 425 (1991); Paulsen v. Manson,193 Conn. 333, 337 (1984). Because the court has found that the decision to proceed with trial without delay was the product of the petitioner's insistence and made against the advice given by Granados, the petitioner has failed to meet his burden of proving the allegations contained in his amended petition.
For these reasons, the petition is dismissed.
Sferrazza, J.